CHARLES MUELLER, APPELLANT, v. THE BOULEVARD COMMISSIONERS OF HUDSON COUNTY ET AL., RESPONDENTS.

Argued March 10, 1915—Decided July 5, 1915.

This case arose on a *certiorari* out of the Supreme Court directed to The Boulevard Commissioners of the county of Hudson, awarding a contract for the relaying, re-inforcing and re-surfacing with bituminous concrete, of the Hudson boulevard between Newark avenue and the Paterson plank road in Jersey City, and Liberty place and Fourth street in the township of Weehawken, to the Uvalde Asphalt Paving Company.

After hearing in the Supreme Court that tribunal filed a *per curiam* which reads as follows:

"We think that the case presented requires that a writ of *certiorari* should issue, but as the matter has been fully heard and counsel agreed at the argument that if the case were proper for a writ we should proceed to decide it, we have examined into the merits of the case and we think the proceedings should be affirmed. The reasons were sufficiently stated upon the original application for a writ."

The reasons referred to were those given by Mr. Justice Swayze in denying the original application for a writ as follows:

"I think the rule in Mueller *v.* Boulevard Commissioners should be discharged.

"In substance I think the commissioners had the right to specify the material they desired even if it could be furnished only by one party, provided it was readily obtainable in the market as seems to be the case. Bonnell *v.* Newark is controlling. But I find also that other materials were permissible under the specifications and were procurable.

"The specifications, although stringent, were in the interest of securing a good pavement and were not such as to limit the competition to a single bidder.

"I see no objection to the commissioners taking the necessary preliminary steps before the freeholders had sold the bonds. What is forbidden is the prosecution of the work. The mere receipt of bids does not bind the commissioners or the county.

"The provision requiring the road to be maintained for ten years is not improper. It is meant to secure a road that will last ten years. It is not a case of 'ordinary maintenance' or 'repairs' within the meaning of the statute.

"Since Bermudez Lake asphalt was procurable in the market, there was a common standard of bidding even if the specification had not permitted a substitute. Bonnell *v.* Newark. The other points made do not seem to require mention."

Upon the discharge of the rule to show cause by Mr. Justice Swayze, which was the denial of the original application, counsel for the prosecutor applied to the Supreme Court who ordered the issuance of the writ and at the same time affirmed the proceedings, the matter having been fully heard and counsel having agreed that it should be decided on that application.

For the appellant, *J. Emil Walscheid.*

For the respondents, *James J. Murphy* and *Gilbert Collins.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the *per curiam* of the Supreme Court adopting the reasons given by Mr. Justice Swayze in discharging the rule to show cause why a writ of *certiorari* should not issue.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, TRENCHARD, BERGEN, MINTURN, BLACK, VREDENBURGH, WHITE, TERHUNE, WILLIAMS, JJ.   11.

*For reversal*—None.